UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-347 (KES/VLD)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT IVERS,

    Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Melinda A. Williams, Assistant United States Attorney, respectfully submits the following response to the defendant's motion for a bill of particulars. Dkt. # 26.

On September 11, 2025, a grand jury returned a three-count indictment against Mr. Ivers, charging him with two counts of threatening to assault and murder a federal judge and one count of transmitting in interstate commerce a communication containing a threat to injure the person of another, in violation of 18 U.S.C. §§ 115(a)(1)(B) and 875(c). Dkt. # 10.

Defendant Robert Ivers moves for an Order to compel a bill of particulars in relation to all three counts of the indictment. Dkt. # 26. Because the indictment adequately informs Ivers of the charges against him, and because a bill of particulars is not a discovery device, the Court should deny the motion.

The purpose of a bill of particulars is to inform a defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial.

*United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012).  A bill of particulars is not intended to provide a defendant with evidentiary detail or discovery regarding the defendant's case.  *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990); *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) ("[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial.").  Rather, it is required only when necessary to inform a defendant of the charges against him with sufficient clarity to enable him to prepare his defense, to minimize the element of surprise at trial, and to protect himself against a second prosecution for an inadequately described offense.  *United States v. Wessels*, 12 F. 3d 746, 750 (8th Cir. 1993).

Under Fed. R. Crim. P. 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  An indictment is "legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution."  *Wessels*, 12 F. 3d at 750 (*citing United States v. Young*, 618 F.2d 1281, 1286 (8th Cir. 1980)).  An indictment is sufficient "unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense" with which the defendant is charged.  *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008).  The indictment in this case satisfies the requirements of Fed. R. Crim. P. 7 and *Wessels*.

The indictment against Ivers tracks the language of the charging statutes. In doing so, it informs Ivers of the nature of the charges against him and provides him the opportunity to prepare a defense at trial. On that basis alone, the Indictment is legally sufficient and Ivers's motion for a bill of particulars should be denied.

But here, Ivers has substantial information about the charges against him. Ivers was initially charged by Complaint. Dkt. # 1. The defense characterizes the Complaint as including "some color" on the allegations against Ivers. Dkt. #26 at 1. It goes well beyond that. The Complaint is lengthy—sixteen pages long—and highly detailed. Dkt. # 1. It sets forth the events of September 3-5, 2025 that resulted in Ivers's arrest. It discusses the interview of Ivers following his arrest in which he explained that the manuscript was intended to scare people.

The Complaint also contains numerous written and visual excerpts from Ivers's manuscript/manifesto (itself 236 pages long and provided to the defense) that form the basis for the charges. The Complaint gives examples of the specific threats made against the victims. For example, it notes that the threats against Federal Judge A included "an apparent drawing of Federal Judge A with the caption 'Begging for your life won't do you one bit of good judge.'" *Id.* at 13. The Complaint details that, "On page 204, Ivers stated 'Im gonna kill your kids, your family, your friends, for what you did.' The next page, page 205, includes the address of the federal courthouse where Federal Judge A sits." It is hard to imagine a more specific articulation of the threats Ivers made against Federal Judge A. And of course, this detailed information goes far beyond the standard that the defendant be informed of

the nature of the charges against him with sufficient precision to avoid the danger of trial by surprise.

But there is more. This past week, Ivers was provided with substantial discovery in this case, including police reports and interviews, body camera footage and other recordings, multiple copies of the manuscript/manifesto, as well as the grand jury transcript and materials.[1] These materials further detail each of the charges against Mr. Ivers. For example, these materials note that, as to his threats against Supreme Court Justice A, Ivers's manuscript/manifesto contains a document that is a denial of a petition for a writ of certiorari, where Mr. Ivers attempted to appeal to the Supreme Court his federal conviction in the trial that Federal Judge A presided over. Ivers's book then depicts a man holding a knife in a menacing manner saying "Does [Supreme Court Justice A] live around here?" Ivers then mailed his manuscript/manifesto containing that threat to all nine Supreme Court Justices, including Supreme Court Justice A. Again, the materials in discovery are specific and clear, and certainly go well beyond the legal standard of an indictment being so vague and indefinite that the defendant cannot prepare for trial. *See Huggans*, 650 F.3d at 1220 ("The government's disclosures were more than sufficient to enable [the

---

[1] Due to another ongoing proceeding in this case, the Court has stayed its scheduling order, including certain discovery deadlines, until the resolution of that ongoing proceeding. Dkt. #24. Notwithstanding that stay, the parties have been discussing discovery from the outset of this case. The government initially provided the Complaint to the defense and offered to provide the manuscript/manifesto but defense counsel already had a copy. The government also identified the victims to defense counsel at the beginning of the case. On Wednesday of this week, the government sent its first round of discovery to defense counsel. The parties are working well together and intend to continue with the meet-and-confer process as to discovery while the other matter is proceeding.

defendant] to understand the nature of the charges, prepare a defense, and avoid unfair surprise.").

The Eighth Circuit has repeatedly held that "[a] bill of particulars is not to be used for discovery purposes." *United States v. Hill*, 589 F.2d 1344, 1352 (8th Cir. 1979). Yet discovery is exactly what the defendant seeks. His motion propounds interrogatory-style discovery requests under the guise of seeking a bill of particulars. Ivers sets forth a series of questions he wants the government to answer about its expected evidence and proof at trial. Ivers then proceeds to attempt to litigate his defense, explaining that this is a "First Amended case at heart" and that Mr. Ivers is merely a "fiction author" who illustrates children's books. While the defendant may well argue this point at trial, a bill of particulars is simply not the correct vehicle for these arguments.

Ultimately, Ivers's arguments fail because the purpose of a bill of particulars is to inform the defendant of the nature of the charges against him—not to provide a detailed preview of the government's proof at trial. See *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982) (the "[a]cquisition of evidentiary detail is not the function of the bill of particulars"); see also *United States v. Thao*, Crim. No. 21-108(2) (PAM/TNL), 2021 WL 5564521, at *7 (D. Minn. Nov. 29, 2021) ("To the extent Defendant seeks evidence the Government intends to introduce at trial, 'a Bill of Particulars is not intended to be a substitute for discovery, nor is it designed to provide information which the Defendant might regard as generally helpful, but which is not essential to his defense.'"); *United States v. Morales*, 19 CR 281, 2020

WL 4043953, at *2 (D. Minn. March 20, 2020) ("The 'whens wheres and with whoms of acts and participation in the charged conspiracy' is not properly the function of a bill of particulars.") (quoting *United States v. Pippenger*, 552 F. Supp. 2d 990, 993 (D.S.D. 2008)); *United States v. Afremov*, Crim. No. 06-196 (JRT/TNL), 2007 WL 2475972, at *2 (D. Minn. Aug. 27, 2007) ("a bill of particulars is not intended to supplement discovery or to provide for the acquisition of evidentiary detail").

In sum, the indictment fully complies with Fed. R. Crim. P. 7(c)(1) in that it contains a "plain, concise, and definite written statement of the essential facts constituting the offense[s] charged." Moreover, the indictment has been supplemented by a detailed criminal complaint affidavit that summarizes the evidence against him and substantial discovery. Accordingly, the defendant's motion should be denied. See *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (holding that the indictment and disclosures obviated the need for a bill of particulars).

Dated: October 31, 2025               Respectfully Submitted,

                                      DANIEL N. ROSEN
                                      United States Attorney

                                       s/ *Melinda A. Williams*
                                BY:   MELINDA A. WILLIAMS
                                      Assistant United States Attorney