UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT PHILLIP IVERS,<br><br>    Defendant. | 25-CR-347-KES-VLD<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR A BILL OF PARTICULARS<br><br>DOCKET NO. 26 |

## INTRODUCTION

Defendant Robert Phillip Ivers is before the court on an indictment charging him with threatening to assault and murder a federal judge and transmitting in interstate commerce a threat to injure the person of another. Docket No. 10.  He has now filed a motion for a bill of particulars.  Docket No. 26.  The government opposes the motion.  Docket No. 30.  This matter has been referred to this magistrate judge for a decision pursuant to 28 U.S.C. § 636(b)(1)(A).

## FACTS

The indictment in this case asserts three counts against Mr. Ivers as follows:

### COUNT 1

From in or about February 2025 to September 2025, in the State and District of Minnesota, the defendant,
    **ROBERT PHILLIP IVERS**
did threaten to assault and murder Federal Judge A, a United States judge, with the intent to retaliate against Federal Judge A

on account of the performance of official duties, all in violation of Title 18, United States Code, Section 115(a)(1)(B).

## COUNT 2

From in or about February 2025 to September 2025, in the State and District of Minnesota, the defendant,

**ROBERT PHILLIP IVERS**

did threaten to assault and murder Supreme Court Justice A, a United States judge, with intent to impede, intimidate, and interfere with Supreme Court Justice A while engaged in the performance of official duties, and with the intent to retaliate against Supreme Court Justice A on account of the performance of official duties, all in violation of Title 18, United States Code, Section 115(a)(1)(B).

## COUNT 3

In or about February 2025, in the State and District of Minnesota, the defendant,

**ROBERT PHILLIP IVERS**

did knowingly and willfully transmit in interstate commerce a communication containing a threat to injure the person of another, namely threats to injure Defense Attorney A, Federal Judge A, and Supreme Court Justice A, by sending a mailing to Defense Attorney A in Minnesota, in violation of Title 18, United States Code, Section 875(c).

See Docket No. 10.

Mr. Ivers seeks a bill of particulars as to all counts.  See Docket No. 26.

## DISCUSSION

Rule 7(f) of the Federal Rules of Criminal Procedure provides:

The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

See Fed. R. Crim. P. 7(f).

The Eighth Circuit has stated the standard applicable to Mr. Ivers' motion:

> The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial. A bill of particulars, however, is not a proper tool for discovery; it is not to be used to provide detailed disclosure of the government's evidence at trial.

United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993) (citations omitted). The court has "broad discretion in granting or denying a [motion for] a bill of particulars." United States v. Sileven, 985 F.2d 962, 966 (8th Cir. 1993). A bill of particulars is properly denied where the "indictment sufficiently inform[s the defendant] of the nature of the charges against him." Id.

An indictment sufficiently informs a defendant of the nature of the charges against him if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to [a] subsequent prosecution." Wessels, 12 F.3d at 750.

Sometimes an indictment is sufficient if it merely repeats the language of the criminal statute, but sometimes that will not suffice. Hamling v. United States, 418 U.S. 87, 117-19 (1974). Using the statutory language is sufficient if the statutory language itself "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." Id. at 117.

3

In Russell v. United States, 369 U.S. 749, 764 (1962), the indictment parroting the statutory language of a law that made it a crime to refuse to answer questions before a committee of Congress was insufficient because the subject of the questions which went unanswered was "central to every prosecution under the statute." Id. There, the Court held that the indictment must—in addition to the statutory language—state what the subject was which was under inquiry. Id.

In Hamling, however, the defendants claimed the use of the word "obscenity" in the statute and in their indictment was ambiguous, rendering their indictment deficient. The Court disagreed, stating that "obscenity" was a legal term of art, not a generic or descriptive term, and the term did not vary its meaning depending on the indictment. Hamling, 418 U.S. at 118.

In addition to examining the indictment itself, whether to grant a motion for a bill of particulars also depends on whether the necessary factual details are supplied to the defendant in discovery. See United States v. Johnson, 225 F. Supp. 2d 982, 994-95 (N.D. Iowa 2002) (collecting numerous cases). See also United States v. Strickland, 5:19-CR-50159-JLV-02, 2020 WL 1816036 at *2 (D.S.D. Apr. 9, 2020); United States v. Anderson, Crim. No: 05-249 (PAM/JJG), 2006 WL 8444315 at *2 (D. Minn. Mar. 1, 2006).

This court ordered a bill of particulars in a similar case, requiring the government to specify who was allegedly threatened by the defendant's statements. United States v. Abdulkadir, 0:16-CR-00002-KES-VLD, 2016 WL

659711 at *5 (D.Minn. Feb. 18, 2016).  However, that opinion is devoid of any analysis under Rule 7(f), so it is of little precedential value.

Here, the indictment is indeed bare bones.  However, prior to the indictment, Mr. Ivers was charged via criminal complaint.  See Docket No. 1.  That complaint was accompanied by a detailed 16-page affidavit.  See Docket No. 1-1.  That affidavit sets forth the following facts.

Mr. Ivers came to the attention of law enforcement when a librarian reported that he had printed off copies of a 300-page manifesto at the library on September 2, 2025.  Id. at 2, ¶ 4.  The librarian contacted police because the title of the document was "How to Kill a Federal Judge," by Robert Ivers.  Id. at  ¶ 5.  Mr. Ivers showed the librarian a page from his manuscript that discussed killing children and had a picture of a gun on it.  Id.

Before leaving the library, Mr. Ivers gave the librarian a 3-page flyer advertising his manifesto.  Id.  The first page of the flyer read, "How to Kill a Federal Judge" by Robert Ivers and featured a photo of a man holding a rifle.  Id. at  ¶ 6.

The second page of the flyer stated, among other things, "In this five star [sic] flood soaked [sic] killing guide Mr. Ivers exacts a Violent Revenge."  Id.  The flyer went on to say that the manifesto "is designed to teach extremists on how to plan, train, hunt, stalk and kill anyone including judges, their family members, politicians and more!"  Id. at 2-3, ¶ 6.  The second page concludes with the statement that the "harsh reality is that judges are going to die."  Id. at 3, ¶ 6.

5

The third page of the flyer stated that Mr. Ivers had been "falsely indicted by a deceived U.S. grand jury" and that Mr. Ivers is "demanding that his conviction be overturned." Id.  Photo reproductions of all three pages of the flyer are found in the affidavit.  Id.

Investigators obtained a search warrant for Mr. Ivers' automobile.  Id. at 4, ¶ 9.  Inside, they found 20 bound copies of Mr. Ivers' manifesto as well as lists of federal judges.  Id. at 5, ¶ 10.  Among the judges listed was Federal Judge A who, the affidavit stated, "presided over Ivers' federal threats trial" and Defense Attorney A, "who gave witness testimony against Ivers in that same trial." Id. at 5, ¶ 11.

Investigators interviewed Defense Attorney A, who stated Mr. Ivers mailed her a copy of his manifesto in February 2025.  Id.  Defense Attorney A stated she felt Ivers was a serious risk to her and her family.  Id.

Mr. Ivers was subsequently arrested and interviewed.  Id. at ¶¶ 12-13.  When asked if his book would have scared anyone, Mr. Ivers—according to the affidavit—shouted "It was supposed to!" Id. at 5-6, ¶ 13.

The remainder of the affidavit describes portions of Mr. Ivers' 236-page book.  The affidavit reproduces many pages from the book containing statements about killing judges, killing their spouse and family members, as well as friends.  See, e.g. id. at 8-9.  The drawings and written words specifically threaten to kill the "judge that cheated him." Id. at 9.  One page of the book stated "If this book doesn't instill fear in you then your [sic] already dead." Id. at 12.

The affidavit states that the manifesto contains the names of federal judges, including Federal Judge A, who presided over Ivers' federal trial and whom Ivers fixated on. Id. at 13, ¶ 23. The affidavit included a drawing Mr. Ivers made of Federal Judge A with the caption "Begging for your life won't do you one bit of good judge." Id. at ¶ 24. Ivers also discussed Defense Attorney A, whom he blamed for his federal conviction. Id. at ¶23. Mr. Ivers made repeated statements about killing "his" judge, a reference to Federal Judge A. Mr. Ivers wrote in his book the address for the federal courthouse where Federal Judge A sits. Id. at 14, ¶26.

The affidavit reproduced another page of Mr. Ivers' book containing a "notice of assassination," that listed "Senior Federal Judge" A by name. Id. at 15, ¶27. The complaint alleges only one count: a threat to kill Federal Judge A. See Docket No. 1. Therefore, the affidavit does not contain any facts about Supreme Court Justice A. As noted, the affidavit does identify Defense Attorney A as a female ("she") who testified as a witness against Mr. Ivers in the same federal criminal trial that Federal Judge A presided over. See Docket No. 1-1 at 5, ¶11.

Mr. Ivers has had three federal criminal files opened regarding him in the District of Minnesota: this present case, a 2022 case that never went to trial, and a 2018 case, the only one of the three that went to trial and sentencing. Clearly, resort to PACER demonstrates who the Federal Judge was who presided over Mr. Ivers' trial in the 2018 case. The case was appealed. Resort to the trial transcripts in that 2018 case identify who female Defense Attorney

7

A is.  Even if the names of Federal Judge A and Defense Attorney A did not appear in Mr. Ivers' 286-page manifesto (they do), counsel and Mr. Ivers have resort to other readily-identifiable sources to ascertain who these individuals listed in Counts 1 and 3 of the indictment are.

The entire manifesto was allegedly mailed to Defense Attorney A.  To the extent that Mr. Ivers claims not to know which pages of the 286-page document was threatening, resort to the specific pages identified and reproduced in the affidavit in support of the criminal complaint suffices to identify those threatening communications.  The court finds that a bill of particulars is not necessary to identify who the alleged victims are in counts 1 and 3 of the indictment nor which statements were allegedly made by Mr. Ivers that were threatening as to them.

Supreme Court Justice A, however, is never mentioned in the affidavit.  This court does not have a complete copy of the document Mr. Ivers was copying at the library nor is the court aware of whether that entire document was sent to Supreme Court Justice A, or only part of that document.  The court concludes that a bill of particulars is necessary as to Count 2.  The government should identify for Mr. Ivers the identity of Supreme Court Justice A and identify what document or documents were sent to this alleged victim.

## CONCLUSION

Based on the foregoing facts, law, and analysis, it is hereby

ORDERED that defendant Robert Ivers' motion for a bill of particulars [Docket No. 26] is GRANTED IN PART AND DENIED IN PART as follows:

--the motion is DENIED as to counts 1 and 3 of the indictment.

The motion is GRANTED as to count 2. The government shall supply Mr. Ivers' counsel within 14 days of the date of this order discovery identifying the alleged victim in count 2 and what document or documents the government alleges that Mr. Ivers sent to the alleged victim in count 2.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections unless an extension of time for good cause is obtained. FED. R. CRIM. P. 45(b)(1), (59(a). Failure to file timely objections will result in the waiver of the right to review. FED. R. CRIM. P. 59(a). Objections must be specific in order to require review by the district court.

DATED this 21st day of November, 2025.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge