UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT PHILLIP IVERS,<br><br>Defendant. | 25-CR-00347-KES-VLD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR BILL OF PARTICULARS |

Defendant, Robert Phillip Ivers, moves the court to direct the government to file a bill of particulars under Federal Rule of Criminal Procedure 7(f). Docket 26. Ivers is charged with two counts of threatening to assault and murder a federal judge and one count of interstate transmission of a threat to injure the person of another. Docket 10. Specifically, Ivers requests that, for each count, the government identify "(1) the specific threatening statements; (2) the identity of the alleged victims; (3) specifically when the threats were made; (4) the mode of communication/transmission of the threats; and (5) the specific alleged facts from which Mr. Ivers' intent can be inferred." Docket 35 at 1; *see also* Docket 26 at 2, 9-10.

The court referred Ivers' motion to Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B). After reviewing the parties' filings, Magistrate Judge Duffy recommended denying Ivers's motion as to Counts 1 and 3 but granting in part the motion as to Count 2. Docket 33 at 8-9. Specifically, Magistrate Judge Duffy recommended that for Count 2, "[t]he government

should identify for Mr. Ivers the identity of Supreme Court Justice A and identify what document or documents were sent to this alleged victim." *Id.* at 8. Ivers timely filed objections to the Report and Recommendation. Docket 35. After a de novo review of the Report and Recommendation and the record, the court issues the following order.

## LEGAL STANDARD

### I. De Novo Review

This court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Criminal Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 72(c). De novo review in the context of reviewing a magistrate judge's report and recommendation does not require a new evidentiary hearing and only means a district court "give[s] fresh consideration to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980); *see also* 28 U.S.C. § 636(b)(1). In conducting a de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

### II. Bill of Particulars

"The court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is to inform the defendant of

the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (internal quotation marks omitted); *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002). But a bill of particulars is not a discovery device or a means of acquiring "a detailed disclosure of the [government's] evidence." *Huggans*, 650 F.3d at 1220. "In other words, the defendant is entitled to know the offense with which [he] is charged, not to know the details of how it will be proved." *United States v. Fineday*, 2023 WL 9552042, at *9 (D. Minn. Dec. 19, 2023) (internal quotation marks omitted and cleaned up). Further, a "district court has broad discretion in granting or denying a bill of particulars." *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993).

## BACKGROUND

A criminal complaint was filed against Ivers on September 8, 2025. Docket 1. The complaint alleges a single count for threatening and murder of a "Federal Judge A" in violation of 18 U.S.C. §§ 115(a)(1)(B) and (b)(4). *Id.* at 1. The complaint affidavit alleges that a librarian contacted law enforcement on September 3, 2025, after observing Ivers printing copies of a book, entitled "How to Kill a Federal Judge," and providing the librarian a three-page flyer advertising the book. Docket 1-1 ¶¶ 4-6. Law enforcement obtained a search warrant for Ivers' vehicle, and upon execution, obtained twenty copies of a 236-page book written by Ivers. *Id.* ¶¶ 8-10. One of the lists obtained in the vehicle search "included the names for Federal Judge A, who presided over Ivers's

3

federal threats trial, and Defense Attorney A, who gave witness testimony against Ivers in that same trial." *Id.* ¶ 11. Law enforcement interviewed Defense Attorney A, who explained that Ivers "had threatened her in February 2025 and that she received Ivers's manifesto/book in the mail, which she reported to law enforcement." *Id.*

The criminal complaint affidavit also reproduced 26 pages of drawings from the 236-page book. *See id.* The affidavit provides that "[s]everal of Ivers's threats are aimed at Federal Judge A. The manifesto features an apparent drawing of Federal Judge A with the caption 'Begging for your life won't do you one bit of good judge.'" *Id.* ¶ 24. The affidavit also explains that where Ivers "talked about killing 'his' judge," it was "an apparent reference to Judge A." *Id.* ¶ 25. Additionally, "[o]n another page, dated January 1, 2024, Ivers provided a 'Notice of Assassination.' He listed federal judges on this notice, including Federal Judge A." *Id.* ¶ 27.

Ivers was indicted on September 11, 2025, and charged with two counts of threatening to assault and murder a federal judge, in violation of 18 U.S.C. § 115(a)(1)(B), and one count of interstate transmission of a threat to injure the person of another, in violation of 18 U.S.C. § 875(c). Docket 10.

The Indictment asserts three counts against Ivers as follows:

### COUNT 1
(Threating to Assault and Murder a Federal Judge)

From in or about February 2025 to September 2025, in the State and District of Minnesota, the defendant,

**ROBERT PHILLIP IVERS**

did threaten to assault and murder Federal Judge A, a United States judge, with the intent to retaliate against Federal Judge A on account of the performance of official duties, all in violation of Title 18, United States Code, Section 115(a)(1)(B).

## COUNT 2
(Threating to Assault and Murder a Federal Judge)

From in or about February 2025 to September 2025, in the State and District of Minnesota, the defendant,

**ROBERT PHILLIP IVERS**

did threaten to assault and murder Supreme Court Justice A, a United States judge, with intent to impede, intimidate, and interfere with Supreme Court Justice A while engaged in the performance of official duties, and with the intent to retaliate against Supreme Court Justice A on account of the performance of official duties, all in violation of Title 18, United States Code, Section 115(a)(1)(B).

## COUNT 3
(Interstate Transmission of a Threat to Injure the Person of Another)

In or about February 2025, in the State and District of Minnesota, the defendant,

**ROBERT PHILLIP IVERS**

did knowingly and willfully transmit in interstate commerce a communication containing a threat to injure the person of another, namely threats to injure Defense Attorney A, Federal Judge A, and Supreme Court Justice A, by sending a mailing to Defense Attorney A in Minnesota, in violation of Title 18, United States Code, Section 875(c).

*Id.*

## DISCUSSION

Ivers raises three objections to the Report and Recommendation.[1] *See* Docket 35. First, Ivers objects to the legal standard applied by the magistrate

---

[1] Ivers does not object to the magistrate judge's recommendation requiring the government to identify "Supreme Court Justice A and identify what document

judge, arguing that the Report and Recommendation failed to properly apply Rule 7(f). *Id.* at 2-5. Second, Ivers objects to the magistrate judge's denial of his request requiring the government to identify the specific statements alleged to constitute a threat and the statements the government alleges constitute Ivers' intent to threaten each victim for Counts 1-3. *Id.* at 5-10. Third, Ivers objects to the magistrate judge's denial of his request to order the government to identify "the specific dates each alleged threat was communicated and the mode of communication and/or transmission of the alleged threats" for Counts 1-3. *Id.* at 10-11. The court addresses each of Ivers' objections in turn.

## I. Objection 1: Whether the Report and Recommendation Applies the Correct Legal Standard

Ivers first objects to the legal standard applied by the magistrate judge. *See id.* at 2-5. Ivers argues that the magistrate judge "clearly erred by applying the Rule 12 standard for challenging the sufficiency of an indictment." Docket 35 at 2. Instead, Ivers argues that the magistrate judge should have analyzed his motion under Rule 7(f) to determine "whether the indictment, coupled with other materials, is specific enough to enable the defendant to prepare for trial, minimize the danger of surprise, and in some cases minimize the risk of double jeopardy." *Id.*

---

or documents were sent to this alleged victim" as alleged in Count 2 of the Indictment. Docket 33 at 8; *see* Docket 35. The government did not object to this finding. After careful review, the court agrees with the Report and Recommendation and grants in part Ivers' motion for a bill of particulars to require the government to provide Ivers a bill of particulars identifying Supreme Court Justice A and to identify the document(s) that were sent to this alleged victim in Count 2 of the Indictment.

But part of the Rule 7(f) inquiry focuses on whether an indictment sufficiently informs the defendant of the nature of the charges against him. *See, e.g., United States v. Key*, 717 F.2d 1206, 1210 (8th Cir. 1983) (holding district court properly denied defendant's motion for a bill of particulars after finding that "the indictment specified sufficient facts to avoid surprise to [the defendant]"); *United States v. Johnson*, 225 F. Supp. 2d 982, 991-92 (N.D. Iowa 2002) ("It is the general standard of 'sufficiency of the indictment' that properly determines whether a bill of particulars should or should not be granted prior to trial."). And this issue—whether Ivers has been sufficiently informed of the charges against him—was explicitly addressed in the Report and Recommendation. For example, in analyzing Ivers' motion, the magistrate judge first looked to the Indictment, which it recognized was "bare bones." Docket 33 at 5. The magistrate judge then analyzed whether the criminal complaint affidavit set forth facts that sufficiently informed Ivers of what he has been charged with, *see id.* at 5-8, and concluded that he was sufficiently informed as to Counts 1 and 3, *see id.* at 8. And as for Count 2, for the information the magistrate judge determined Ivers had not yet been adequately informed of, the magistrate judge ordered that a bill of particulars was proper. *See id.* at 9. As such, the court concludes that the Report and Recommendation applied the correct standard in analyzing Ivers' motion.

    Thus, while the court notes that Ivers is correct that the cases cited in the Report and Recommendation, *United States v. Wessels*, 12 F.3d 746 (8th Cir. 1993); *Hamling v. United States*, 418 U.S. 87 (1974); and *Russell v. United*

7

*States*, 369 U.S. 749 (1962) did not expressly apply a Rule 7(f) analysis, *see* Docket 35 at 5, the Report and Recommendation's analysis still complied with the standard of Rule 7(f). Further, several other district courts in this Circuit rely upon the legal standard set out in *Wessels* in analyzing a motion for a bill of particulars, *see, e.g.*, *Fineday*, 2023 WL 9552042, at *7-8; *United States v. Ferguson*, 2023 WL 7354032, at *5 (D. Minn. Aug. 25, 2023); *United States v. Hocks*, 2009 WL 1851311, at *1-2 (W.D. Mo. June 29, 2009); *Johnson*, 225 F. Supp. 2d at 992, and the court sees no reason why the standard in *Wessels* should not apply here. As such, the court overrules Ivers' objection regarding the legal standard applied in the Report and Recommendation.

II. **Whether the Magistrate Judge Erred in Denying Ivers' Request to Require the Government to Specifically Identify Each Threatening Statement for Each Count**

Ivers next objects to Magistrate Judge Duffy's denial of his request to require the government to identify the specific statements alleged to constitute a threat and the statements the government alleges constitute Ivers' intent to threaten each victim for Counts 1-3. Docket 35 at 5-10. Specifically, Ivers takes issue with the magistrate judge's apparent conclusion that "all alleged threats for each count are sufficiently identified by the superseded Complaint affidavit." *Id.* at 6. Ivers argues that the complaint affidavit is insufficient to inform him of the charges against him regarding Count 1 because the affidavit "reproduces only 26 pages of drawings from a 236-page book that contains over 70 pages of drawings and many other writings" and "does not inform Mr. Ivers whether he is accused of making other allegedly threatening statements"

8

that may have occurred "over the 8-month period alleged in the Indictment." *Id.* Similarly, for Counts 2 and 3, Ivers argues that the affidavit is insufficient because it does not specifically identify what alleged threats were made against Defense Attorney A and Supreme Court Justice A. *See id.* at 7-8. Ivers argues that "[u]nless the [g]overnment is ordered to specifically identify all allegedly threatening statements, the factual bases for the charges will remain 'shrouded in mystery' until trial." *Id.* at 9 (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2d Cir. 1987)).

Counts 1 and 2 of the Indictment allege that Ivers threatened to assault and murder Federal Judge A and Supreme Court Justice A, with the intent to retaliate, as to Federal Judge A, and to impede, intimidate, interfere, and retaliate, as to Supreme Court Justice A, while both judges were engaged in the performance of their official duties. *See* Docket 10 at 1. Count 3 alleges that Ivers knowingly and willfully transmitted a communication threatening to injure Defense Attorney A, Federal Judge A, and Supreme Court Justice A, by sending a mailing to Defense Attorney A. *Id.* at 2. Ivers is correct in that, other than identifying a date range, *see id.* at 1-2, Counts 1-3 do not specify the specific threats or identities involved in the instant offenses, *see* Docket 35 at 5-10; Docket 26 at 8-10.

But as the magistrate judge correctly noted in the Report and Recommendation, the identities of Federal Judge A and Defense Attorney are readably identifiable from Ivers' 2018 federal criminal trial transcripts and from Ivers' 236-page book. *See* Docket 33 at 7-8. Additionally, Ivers has copies of the

9

236-page book, which the criminal complaint affidavit mainly identifies as the source of the charged threatening statements. *See id.* at 5-8; *see also* Docket 1-1. Thus, resort to this book can adequately inform Ivers of what the specifically charged threats are, given that Ivers already knows, or will know, the identities of the three alleged victims in Counts 1-3 of the Indictment.

Further, the court finds that Ivers is not entitled to a bill of particulars identifying the specific alleged threats because his request is comparable to a substitute for discovery. A bill of particulars is not intended to serve as a supplement or substitute for discovery. *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars." (quoting *Hemphill v. United States*, 392 F.2d. 45, 49 (8th Cir. 1968)); *Wessels*, 12 F.3d at 750 (stating that a bill of particulars should not be used as a discovery tool or to obtain a detailed disclosure of the prosecution's evidence); *United States v. Massat*, 2018 WL 583109, at *7 (D.S.D. Jan. 29, 2018) (denying defendant's motion for a bill of particulars because the defendant sought it simply as a discovery device). Indeed, the availability of information as to the specific conduct and facts of the charges from other sources, such a pretrial discovery, eliminates the need for a bill of particulars. *See Huggans*, 650 F.3d at 1220 (affirming the district court's denial of defendant's motion for a bill of particulars as moot because the government previously disclosed "virtually every piece of information sought" by defendant through methods that included pretrial discovery); *United States v. Bradley*, 2010 WL 1409447, at *1 (D.S.D. Mar. 31, 2010) ("A motion for

a bill of particulars should not be granted if the desired information has been provided through pretrial discovery or in some other acceptable manner.").

Here, the government has indicated that "Ivers was provided with substantial discovery in this case, including police reports and interviews, body camera footage and other recordings, multiple copies of the manuscript/manifesto, as well as the grand jury transcripts and materials." Docket 30 at 4. The government noted that these materials "detail each of the charges against Mr. Ivers." *Id.* For example, the government indicates that the discovery includes "his threats against Supreme Court Justice A." *Id.* The government also points to Ivers' 236-page book, which "depicts a man holding a knife in a menacing manner saying 'Does [Supreme Court Justice A] live around here?' " *Id.* The government further notes that the disclosed discovery includes evidence of Ivers mailing his "manuscript/manifesto containing that threat to all nine Supreme Court Justices, including Supreme Court Justice A." *Id.* While Ivers argued in his reply that "[m]ost of the discovery produced relates to [Ivers'] prior two federal criminal cases," Docket 32 at 7, the government has still turned over information of threats against Supreme Court Justice A and the 236-page book, which the criminal complaint affidavit identifies as the main source of these alleged threats. *See* Docket 1-1. As such, resort to Ivers' 236-page book, alongside other provided pretrial discovery, is sufficient to inform Ivers of the charged crimes against him.

The court finds that the level of detail and information requested by Ivers is more akin to a request for the government's evidence it intends to use to

prove its case at trial. And as discussed above, this is not a proper function for a bill of particulars. *See Matlock*, 675 F.2d at 986; *Huggans*, 650 F.3d at 1220. As such, the court finds that the magistrate judge did not err in denying Ivers' request to require the government to identify each of the specific threats against each alleged victim. Thus, Ivers' objection is overruled.

**III.   Whether the Magistrate Judge Erred in Denying Ivers' Request to Require the Government to Provide Information on When and How the Threatening Statements Were Made**

Ivers last objects to Magistrate Judge Duffy's denial of his request to order the government to identify "the specific dates each alleged threat was communicated and the mode of communication and/or transmission of the alleged threats" for Counts 1-3. Docket 35 at 10-11. Ivers argues that the 8-month period charged in Counts 1 and 2 "makes it nearly impossible for the defense to discern what specific conduct [Ivers] is charged with, and when he allegedly did it." *Id.* Ivers also takes issue with the "unspecified threat by an unknown means to Defense Attorney A" mentioned in the criminal complaint affidavit. *Id.* at 10.

But here, the court again finds that Ivers is seeking a bill of particulars for an improper purpose. Ivers argues that a bill of particulars identifying the specific dates and mode of communication for each threat is necessary because the government's disclosed discovery "contains no mailings or transmissions of the book to any of the victims alleged in the Indictment," and the government has not yet disclosed "when and how [Ivers] communicated the alleged threats to each of the alleged victims in Counts 1-3." Docket 35 at 11. These

12

arguments, however, constitute requests for discovery, which is an improper purpose of a bill of particulars. *Huggans*, 650 F.3d at 1220.

Further, the court notes that the criminal complaint affidavit explained that "[m]ost of the pages [in Ivers' 236-page book] are numbered and oftentimes contain handwritten dates. These dates range from approximately 2019 to 2024. Based on his handwritten notes, it appears that Ivers has added to the manifesto over time, though not always in a date-sequenced order." Docket 1-1 ¶15. Because Ivers has a copy of the 236-page book, among other provided discovery, resort to this book is sufficient to inform Ivers of the charged offenses against him for the 8-month period alleged in Counts 1 and 2. *See* Docket 30 at 4 (The government noting that Ivers has copies of the 236-page book along with information explaining how this book was mailed "to all nine Supreme Court Justices.").

Additionally, while the criminal complaint affidavit states that "Defense Attorney A . . . explained that Ivers had threatened her in February 2025 and that she received Ivers's manifesto/book in the mail," Docket 1-1 ¶ 11, Count 3 of the Indictment sufficiently informs Ivers of the alleged crime against him by stating that he "knowingly and willfully transmit[ted] in interstate commerce a communication containing a threat to injure . . . Defense Attorney A, Federal Judge A, and the Supreme Court Justice A, *by sending a mailing* to Defense Attorney A in Minnesota," Docket 10 at 2 (emphasis added). The court finds that this is sufficient to inform Ivers of the nature of the charged crime in Count 3 to enable him to prepare for trial. *Huggans*, 650 F.3d at 1220. Thus,

13

because Ivers' motion is comparable to a request for discovery and because Ivers has pretrial discovery that sufficiently informs him of the charges alleged against him, the court finds that the magistrate judge did not err in denying his motion for a bill of particulars identifying the dates of specific threats and the mode of communication for these threats. As such, Ivers' objection is overruled.

## CONCLUSION

Based on the foregoing, it is

ORDERED that Ivers' objections (Docket 35) are overruled. It is

FURTHER ORDERED that the Report and Recommendation (Docket 33) is adopted, and that defendant's motion for a bill of particulars (Docket 26) is denied in part and granted in part. It is

FURTHER ORDERED that the government will provide Ivers with the identity of Supreme Court Justice A and identify what document or documents were sent to the alleged victim in Count 2 of the Indictment.

Dated January 26, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE