-1-

RECEIVED BY MAIL
MAY 2 2 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**KAREN E. SCHREIER**

**UNITED STATES DISTRICT COURT JUDGE**

**FILE ALL ENCLOSED DOCUMENTS**

CASE NO. 0:25-CR-00347-KES/VLD

FRIDAY MAY, 15, 2026

**EXPOSE'**

**JUDGE SCHREIER**

SCANNED
MAY 2 2 2026
U.S. DISTRICT COURT MPLS

I AM DYING OF HEART DISEASE.

THE PROSECUTION HAS MANUFACTURED

MY CURRENT 3 COUNT INDICTMENT IN

AN ATTEMPT TO TRICK YOU (THE COURT)

AND IS GUILTY OF CONCEALING THEIR

AWARENESS OF EXCULPATORY

EVIDENCE THAT WOULD RESULT IN

GETTING THIS CASE DISMISSED.

THE DEFENSE IS PREPARED TO PROVE

THIS FACT AT THE STATUS HEARING.

CO-COUNCIL PRO SE DEFENDANT. Bob Ivers

-2-

## Your Medication List as of May 11, 2026 12:51 PM

ⓘ If you have any questions, ask your nurse or doctor.

| | Morning | Afternoon | Evening | Bedtime | As Needed |
|---|---|---|---|---|---|
| **aspirin** 81 mg chewable tablet<br>Chew 1 tablet (81 mg) once daily. | ✓<br>1 tablet | | | | |
| **Eliquis** 5 mg tablet<br>Generic drug: apixaban<br>Take 1 tablet (5 mg) by mouth twice a day. | ✓<br>1 tablet | | ✓<br>1 tablet | | |
| **empagliflozin** 10 mg tablet<br>Commonly known as: Jardiance<br>Take 1 tablet (10 mg) by mouth once daily.<br>Started by: Wobo Bekwelem<br>START | ✓<br>1 tablet | | | | |
| **metoprolol succinate (XL)** 25 mg extended release tablet 24 HR<br>Commonly known as: TOPROL XL<br>Take 0.5 tablets (12.5 mg) by mouth once daily. | ✓<br>0.5 tablets | | | | |
| **sacubitril-valsartan** 49-51 mg Tab tablet<br>Commonly known as: Entresto<br>Take 1 tablet by mouth twice a day. | ✓<br>1 tablet | | ✓<br>1 tablet | | |
| **spironolactone** 25 mg tablet<br>Commonly known as: ALDACTONE<br>Take 0.5 tablets (12.5 mg) by mouth once daily. | ✓<br>0.5 tablets | | | | |

**Medication Disposal:**

Proper disposal of expired and unused medication is important to prevent accidental poisoning or intentional misuse of unwanted medications.

Unneeded or expired medications may be disposed of during pharmacy business hours at our North Memorial Health Pharmacy - Maple Grove and Robbinsdale locations. Many counties also offer disposal options. For additional information see www.hennepin.us/medicine.

**SCAN** below to request your records → *VISIT FOR —*
*HEART*
*FAILURE*
*BOB IVERS*

-3-

defense recognizes that general proposition. *See United States v. Schueller*, 136 F. Supp. 3d 1074, 1078 (D. Minn. 2015); *United States v. Morales*, 272 F.3d 284, 288 (5th Cir. 2001); *United States v. Doggart*, 906 F.3d 506, 511 (6th Cir. 2018).

But that does not resolve Count 3's problem. The Government must still identify the communication containing the charged true threat and the person allegedly threatened. It is not enough to point generally to a lengthy book and several possible alleged victims. A defendant is entitled to know the charge he must defend and to be protected against a later prosecution for the same alleged offense. *Steffen*, 687 F.3d at 1109.

D. The First Amendment and *Counterman* make specificity necessary.

The First Amendment does not allow prosecution merely because speech is disturbing, offensive, or alarming. A true threat requires a serious expression of intent to commit unlawful violence, and the Government must prove the constitutionally required mental state.

In *Counterman*, the Supreme Court held that true-threat prosecutions require proof that the defendant had "some subjective understanding" of the threatening nature of the communication. 600 U.S. at 73. The constitutional minimum is recklessness: conscious disregard of a substantial risk that the communication would be viewed as threatening violence. *Id.* at 79–80.

For § 875(c), the Eighth Circuit requires both a subjective component and an objective true-threat component. *E.g.*, *United States v. Dierks*, 978 F.3d 585, 592 (8th Cir. 2020).

14

-4-

Those requirements cannot be applied to an undefined theory. The jury must evaluate a particular statement or communication, directed at or concerning a particular alleged victim, under a particular mens rea theory. Count 3 does not presently identify that theory.

The defense does not ask the Court to decide the ultimate true-threat question as a matter of fact. The point is narrower: before trial, the Government must identify what it claims the true threat is and whom it claims the true threat concerns.

E.     Count 3 creates a serious unanimity problem unless the Government elects or the Court gives a special unanimity instruction.

A count is duplicitous if it charges two or more distinct offenses in a single count. *United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011); *United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997). Duplicity is prejudicial because it can impair notice, create double-jeopardy uncertainty, and permit conviction without unanimous agreement on the same offense. *Pietrantonio*, 637 F.3d at 869.

Count 3 raises those concerns. One juror could conclude that the mailing threatened Defense Attorney A. Another could conclude that it threatened Judge A. A third could conclude that it threatened Supreme Court Justice A. Jurors could also rely on different passages in the book. Without narrowing, a guilty verdict would not establish that all jurors agreed on the same statement, the same alleged victim, or the same true-threat theory.

The Government may respond that Count 3 charges only one § 875(c) offense because it charges one interstate transmission. That may answer formal duplicity if the Government identifies one coherent theory. It does not answer the unanimity problem if

15

-1-

# → JURY INSTRUCTIONS ←

1. THE JURY MUST EVALUATE A PARTICULAR STATEMENT OR COMMUNICATION DIRECTED AT OR CONCERNING A PARTICULAR ALLEGED VICTIM.

2. THE GOVERNMENT MUST IDENTIFY THE COMMUNICATION CONTAINING THE ALLEGED CHARGED TRUE THREAT AND WHOM IT CLAIMS THE TRUE THREAT CONCERNS.

3. IT IS NOT ENOUGH TO POINT GENERALLY TO A LENGTHY BOOK AND SEVERAL POSSIBLE ALLEGED VICTIMS. THE GOVERNMENT

→ JURY INSTRUCTIONS ← PAGE -2

4. THE FIRST AMENDMENT DOES NOT ALLOW PROSECUTION MERELY BECAUSE SPEECH IS DISTURBING, OFFENSIVE OR ALARMING.

5. A TRUE THREAT REQUIRES A SERIOUS EXPRESSION OF INTENT TO COMMIT UNLAWFUL VIOLENCE.

BOB IVERS

FRI. MAY 15, 2026