RECEIVED BY MAIL

JUL 28 2026

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
JUL 28 2026
U.S. DISTRICT COURT MPLS

→ **JUDGE SCHREIER** ←

FILE UNDER CASE NO. 25-CR-347-KES/VLD

SEE ATTACHED 4th DECLARATION.

1. JUDGES SMITH, MELLOY + SHEPHERD WILL EXPOSE THE CRIMINAL MALFEASANCE IN MY CASE AT MY TRIAL AUGUST 4, 2026.

2. JUDGES SMITH, MELLOY + SHEPHED FOUND NO CRIME OR THREAT IN MY BOOK How TO KILL A FEDERAL JUDGE AND WILL TESTIFY TO THIS FACT AT MY TRIAL TO BE HELD AUG. 4, 2026

3. I AM ORDERING JUDGE KAREN E. SCHREIER TO SUBPOENA THEM TO TESTIFY.

Bob IVERS
Robert Ivers

MON. JULY 13 • 2026

→ KAREN E. SCHREIER ← •

• UNITED STATES DISTRICT COURT JUDGE •

→ 4th DECLARATION OF ROBERT IVERS ←

FILE UNDER CASE NO. 0:-25-CN-00347-KES/VLD

1. THE ATTACHED 3 COUNT INDICTMENT IS INCOMPLETE.

2. THE INDICTMENT IS LACKING COUNTS 4,5,6 FOR APPELLATE JUDGES SMITH, MCCOY AND SHEPHERD WHO ARE IN THE CORRECT VENUE. (SEE ATTACHED DOCUMENTS.)

3. EACH RECEIVED A PERSONALIZED ADVANCE COURTESY COPY OF MY BOOK

HOW TO KILL A FEDERAL JUDGE

TO BE VETTED THE SAME AS COUNTS 1, 2, 3.

BOB IVERS

# United States Court of Appeals

### For the Eighth Circuit

No. 19-1563

United States of America

*Plaintiff - Appellee*

v.

Robert Phillip Ivers

*Defendant - Appellant*

Appeal from United States District Court
for the District of Minnesota

Submitted: May 15, 2020
Filed: July 23, 2020

*NOTE:*
*SCAN*
*TWO*
*SIDES*

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

SHEPHERD, Circuit Judge.

Following a jury trial, Robert Ivers was convicted of one count of threatening to murder a federal judge, in violation of 18 U.S.C. § 115(a)(1)(B), and one count of interstate transmission of a threat to injure the person of another, in violation of 18

*154*

USA-00001760

KELLEY, WOLTER & SCOTT, P.A

ATTORNEYS AT LAW

July 24, 2020

Robert Philip Ivers, #17035-059
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

Re:    United States v. Ivers, Appeal No. 19-1563

Dear Bob:

On July 23, 2020, the Eighth Circuit Court of Appeals issued its opinion deciding your appeal. They ruled in favor of the Government, affirming your conviction/sentence. Enclosed is a copy of the decision.

You have several rights to appeal: (1) petition the Eighth Circuit for a rehearing by the same three-judge panel that decided against you; (2) petition the Eighth Circuit for a rehearing en banc, meaning all eleven judges; (3) petition the United States Supreme Court for a writ of certiorari; and (4) do nothing and let your conviction stand. These options are discussed in greater detail herein. Assuming you want to appeal this decision, it is my strong professional opinion that we petition directly to the Supreme Court, which would be due in 90 days on **October 21, 2020.**

### Summary of the Court's Decision

In the appeal, we raised the following issues: (1) whether the February 27, 2018 phone call is protected by the attorney-client privilege; (2) there was insufficient evidence that you made a "true threat;" (3) the district court failed to provide the jury with proper instructions on the future or present intent requirement for true threats; and (4) that the cumulative effect of these errors deprived you the right to a fair trial.

DOUGLAS A. KELLEY
STEVEN E. WOLTER
DANIEL M. SCOTT

▲

CENTRE VILLAGE OFFICES
431 S SEVENTH ST. STE 2530
MINNEAPOLIS, MN 55415

TEL: 612.371.9090
FAX. 612.371.0574
WWW.KELLEYWOLTER.COM

On the first issue, the court ruled that threats of violence are never privileged (p. 8), and that the privileged portion of the February 27 phone call "is easily severable from the second part of the call, in which Ivers ranted about and threatened Judge Wright," (p. 10–11). Thus, it ruled the so-called threat was not

*155*

USA-00001761

# WHO HAS A COPY OF THIS BOOK

1. SNAP PRINT (MTKA. MN)
2. BRETT KELLEY (MY ATTORNEY)(MTKA, MN
3. MARK CARTER (ATTORNEY)(MTKA., MN)
4. ALL 9 SUPREME COURT JUSTICES
5. SUPREME COURT SECURITY (202-281-7349)
6. PRESIDENT TRUMP
→ 7. SMITH, MELLOY, SHEPHERD (APPELLATE) (8th CIRCUIT) FEDERAL JUDGES).
8. ROBERT PRATT (MY FED. TRIAL JUDGE)
9. FREDRIKSON + BYRON (LAW FIRM)
10. STEPHEN KING (WRITER)
11. JOHN GRISHAM (WRITER)
12. MITCHELL LAW SCHOOL (DEAN)(ST. PAUL, MN)
13. HAMLINE (LAW SCHOOL (DEAN) ST. PAUL, MN)
14. UOFM MINNESOTA (DEAN) LAW SCHOOL
15. SECRET SERVICE - U.S.A.
16. FBI - U.S.A
17. FEDERAL MARSHALS - U.S.A
18. WILLIAM POWELL (AUTHOR) ANARCHIST COOK BOOK
19. STEVE GROVE (PUBLISHER + C.E.O) (STARTRIBUNE NEWSPAPER) (MINNEAPOLIS, MINNESOTA
20. OFFICE DEPOT/OFFICE MAX (U.S.A.)
21. ST. THOMAS UNIVERSITY (DEAN) LAW SCHOOL
22. AMAZON BOOKS (SEATTLE)

PAGE
1

FRi. MAY 29,  •  2026

• DECLARATION OF ROBERT IVERS •

→ TO ←

GOVERNMENT PROSECUTOR BRAD ENDICOTT

FiLE UNDER: CASE NO. 25-Cr-347-KES/VLD

1. MY Book: HOW TO KiLL A FEDERAL JUDGE

IS LEGAL AND WiLL BE MARKETED

LEGALLY TO BOTH LAW STUDENTS AND

THE GENERAL PUBLIC.

2. BRETT KELLEY iS AN IMPECCABLE,

UNIMPEACHABLE WiTNESS AND iS

GOiNG TO BRiNG TO TRiAL VOLUMES

OF EXCULPATORY DOCUMENTS THAT

THE GOVERNMENT PROSECUTiON

HAS BEEN FULLY DiSCLOSED OF.

3. THE DOCUMENTS WiLL PROVE

THAT MY BOOK;

PAGE 2

3. cont. __HOW TO KILL A FEDERAL JUDGE__ WAS __EXCLUSIVELY__ BEING PROMOTED AS A __STUDY BOOK FOR__ __LAW STUDENTS AND THEIR PROFESSORS__ AND __NOT AS A THREAT.__

4. __EXCULPATORY DOCUMENTS WILL__ __PROVE MY BOOK WAS ONLY PROMOTED__ __TO DESIGNATED PROFESSIONALS AS__ __AN ADVANCE PROMO COURTESY TO BE__ __VETTED.__

→ __KNOWING THIS__ ←

__THE GOVERNMENT PROSECUTION__ __IS__ __GUILTY__ → __OF__ ←

BOB IVERS

1. __MALICIOUS PROSECUTION,__

2. __PROSECUTORIAL MALFEASANCE__

**How to Kill a Federal Judge: A Study Guide**

*NOTE:*
*SCAN*
*TWO*
*SIDES*

**How to Kill a Federal Judge: A Study Guide**

A Legal Exploration
**By Robert Ivers**

"Imagine a narrative that defies belief, a story drenched in blood and contempt. This legal study guide, crafted by Bob Ivers, declares war on the very foundations of the United States government. Indicted on false charges, Ivers offers this book as a legal study to dismantle the crumbling pillars of justice" – New Times

**Author's Note**

The content presented in this work is for study. This book aims to provoke thought and conversation about justice, morality, and the human condition.

**Dedication**

To Senior Federal Judge Robert M. Pratt, who declared President Trump a criminal without a shred of evidence. Alarm bells should sound, and Judge Pratt needs to be investigated.

**Table of Contents**

- Prologue
- Chapter 1: The Trial
- Chapter 2: The Catalyst of Contempt
- Chapter 3: A System's Grasp
- Chapter 4: A Fair Demand
- Chapter 5: The New Breed of Killers
- Chapter 6: A Call to Action
- Chapter 7: The Final Warning
- Chapter 8: The Art of Vengeance
- Chapter 9: Getting Real
- Chapter 10: Tools and Techniques

USA-00001668

- Chapter 11: The Moral Quandary
- Chapter 12: More on Pipe Bombs
- Chapter 13: Corruption Unveiled
- Chapter 14: The Conspiracy Deepens
- Chapter 15: A Promise of Reckoning
- Chapter 16: The Unjust System
- Chapter 17: Flawed Testimonies
- Chapter 18: Frustration and Redemption
- Chapter 19: Restructuring Our Governance
- Chapter 20: Restructuring Our Judicial Branch
- Chapter 21: The Unfortunate Defendant
- Chapter 22: Allegedly Acceded
- Chapter 23: The Growing Resentment
- Chapter 24: Relaxed
- Epilogue
- About the Author

## Chapter 1: The Trial

**Thursday, June 24, 2021, MCC Chicago**

I am Robert Ivers, the author of this book. I was conspired against, then tried and falsely convicted by the testimony of my two lying attorneys, Lora Friedemann and Anne Rondoni Tavernier. They intentionally fabricated a false allegation against me, claiming I made an unproven death threat against a corrupt federal judge in Saint Paul, Minnesota, named Wilhelmina M. Wright. The government never produced one shred of evidence! During the trial, it was exposed that my two sinister attorneys, Friedemann and Tavernier, were seeking favor with Judge Wright, supported by the fact that they and the law firm they worked for, Byron Fredrickson, had a forthcoming case assigned to Wright concerning the estate of the deceased high-heel, panty-wearing, drug addict Roger Nelson, a.k.a. Prince, who had died from a fentanyl overdose.

At trial, my deceitful attorneys, Friedemann and Tavernier, gave eight different variations of what they claimed was the alleged threat made by me, their unsuspecting client, directed at Judge Wright. They failed to produce any evidence

63

USA-00001669

-2-

→ NOTE: ←

6. ENDICOTT TOLD BRETT THAT EVEN
IF BRETT WON HIS MOTION TO
DISMISS THAT THE GOVERNMENT
PROSECUTION WAS GOING TO
MANUFACTURE NEW FABRICATED
INDICTMENTS TO "GET IVERS".
THE GOVERNMENT IS WEAPONIZING
FALSE + FABRICATED INDICTMENTS.

2. THE GOVERNMENT IS ANGRY AND
FRUSTRATED PRIMARILY BECAUSE

— MY BOOK —

HOW TO KILL A FEDERAL JUDGE

IS     BOB IVERS
LEGAL

-3-

defense recognizes that general proposition. *See United States v. Schueller*, 136 F. Supp. 3d 1074, 1078 (D. Minn. 2015); *United States v. Morales*, 272 F.3d 284, 288 (5th Cir. 2001); *United States v. Doggart*, 906 F.3d 506, 511 (6th Cir. 2018).

But that does not resolve Count 3's problem. The Government must still identify the communication containing the charged true threat and the person allegedly threatened. It is not enough to point generally to a lengthy book and several possible alleged victims. A defendant is entitled to know the charge he must defend and to be protected against a later prosecution for the same alleged offense. *Steffen*, 687 F.3d at 1109.

D.    The First Amendment and *Counterman* make specificity necessary.

The First Amendment does not allow prosecution merely because speech is disturbing, offensive, or alarming. A true threat requires a serious expression of intent to commit unlawful violence, and the Government must prove the constitutionally required mental state.

In *Counterman*, the Supreme Court held that true-threat prosecutions require proof that the defendant had "some subjective understanding" of the threatening nature of the communication. 600 U.S. at 73. The constitutional minimum is recklessness: conscious disregard of a substantial risk that the communication would be viewed as threatening violence. *Id.* at 79–80.

For § 875(c), the Eighth Circuit requires both a subjective component and an objective true-threat component. *E.g.*, *United States v. Dierks*, 978 F.3d 585, 592 (8th Cir. 2020).

14

-4-

Those requirements cannot be applied to an undefined theory. The jury must evaluate a particular statement or communication, directed at or concerning a particular alleged victim, under a particular mens rea theory. Count 3 does not presently identify that theory.

The defense does not ask the Court to decide the ultimate true-threat question as a matter of fact. The point is narrower: before trial, the Government must identify what it claims the true threat is and whom it claims the true threat concerns.

E.    Count 3 creates a serious unanimity problem unless the Government elects or the Court gives a special unanimity instruction.

A count is duplicitous if it charges two or more distinct offenses in a single count. *United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011); *United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997). Duplicity is prejudicial because it can impair notice, create double-jeopardy uncertainty, and permit conviction without unanimous agreement on the same offense. *Pietrantonio*, 637 F.3d at 869.

Count 3 raises those concerns. One juror could conclude that the mailing threatened Defense Attorney A. Another could conclude that it threatened Judge A. A third could conclude that it threatened Supreme Court Justice A. Jurors could also rely on different passages in the book. Without narrowing, a guilty verdict would not establish that all jurors agreed on the same statement, the same alleged victim, or the same true-threat theory.

The Government may respond that Count 3 charges only one § 875(c) offense because it charges one interstate transmission. That may answer formal duplicity if the Government identifies one coherent theory. It does not answer the unanimity problem if

15

Mr. Ivers has spent nearly eight months in jail pending trial only to learn that the Government cannot establish venue in Minnesota on Counts 1 and 2, impermissibly changed the victim under Count 2, and must now seek a superseding indictment to proceed. Part of this appears to be the result of the recent mass resignations in the U.S. Attorney's Office for the District of Minnesota, including the departure of the charging prosecutor in January 2026. These issues are not abstract. Mr. Ivers has suffered two more heart attacks in custody over the last month and was finally seen by a cardiologist who reportedly gave him no more than three years to live. His serious medical condition heightens the prejudice from delay. Defendant respectfully requests that the Court dismiss the Indictment for the reasons herein.

## ARGUMENT

### I.    Legal Standards

An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). To be sufficient, an indictment must: (1) "contain[] all of the essential elements of the offense charged;" (2) "fairly inform[] the defendant of the charges against which he must defend;" and (3) "allege[] sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Steffen*, 687 F.3d 1104, 1109 (8th Cir. 2012) (quoting *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir.1993)).

A Rule 12(b)(3)(B)(v) motion ordinarily tests the indictment on its face. The Court accepts the indictment's allegations as true and asks whether those allegations state an offense. *United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir. 2021). Rule 12 generally

2