UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ROBERT PHILLIP IVERS, *also known as* Robert Ivers,<br><br>                    Defendant. | 0:25-CR-00347-KES<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE TO ADMIT INTRINSIC EVIDENCE AND EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(B) |

Defendant, Robert Phillip Ivers, is scheduled for trial on August 4, 2026. Docket 82. Ivers is charged with two counts of mailing a threat to injure the person of another, in violation of 18 U.S.C. § 876(c), and one count of threatening to murder a United States Judge, in violation of 18 U.S.C. §§ 155(a)(1)(B) and (b)(4). Docket 75. The United States filed a motion in limine seeking to admit intrinsic evidence and evidence under Federal Rule of Evidence 404(b) concerning "Ivers's prior statements, threats, interactions with federal court personnel and law-enforcement officers, and [his] prior conviction for threatening a federal judge." Docket 106 at 1. Ivers objects to the introduction of some of this evidence. *See* Docket 109. The court issues the following order.

## DISCUSSION

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or other act is not admissible to prove a person's character in

order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); *see also United States v. Guzman,* 926 F.3d 991, 999 (8th Cir. 2019) (Rule 404(b) "excludes evidence of specific bad acts used to circumstantially prove a person has a propensity to commit acts of that sort." (cleaned up)).

Such evidence can, however, be admitted for other purposes, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Eighth Circuit has recognized Rule 404(b) as "a rule of inclusion, prohibiting only evidence that tends solely to prove a defendant's criminal disposition." *United States v. Thomas,* 760 F.3d 879, 883 (8th Cir. 2014) (citation omitted). Evidence is properly admitted under Rule 404(b) when it is "(1) relevant to a material issue raised at trial; (2) similar in kind and close in time to the crime charged; (3) supported by sufficient evidence to support a jury finding that the defendant committed the other act; and (4) its probative value is not substantially outweighed by its prejudicial value." *United States v. Croghan,* 973 F.3d 809, 820 (8th Cir. 2020) (citation omitted). "The fourth requirement derives from Federal Rule of Evidence 403, which provides in relevant part that the court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Contreras,* 816 F.3d 502, 511 (8th Cir. 2016) (cleaned up and citations omitted).

## I.  Intrinsic Evidence

The United States seeks to introduce intrinsic evidence concerning the roles of A.T. and Judge A in Ivers's prior federal prosecution. Docket 106 at 1. The United States explains that this evidence is necessary to provide the jury "context for why [Ivers] threatened A.T., A.T.'s children, and Judge A in his handwritten book" necessary to prove Count 3. *Id.* at 2. Ivers does not object to the introduction of this evidence. *See* Docket 109 at 2. As such, the court grants the motion in limine to introduce intrinsic evidence regarding the roles of A.T. and Judge A in Ivers's previous federal conviction. *See United States v. Young*, 129 F.4th 459, 469 (8th Cir. 2025) (providing that "[a] jury is entitled to know the circumstances and background of a criminal charge") (internal quotation marks omitted).

## II.  Rule 404(b) Evidence

The United States also seeks to introduce evidence of Ivers's earlier threatening communications under Rule 404(b). Docket 106 at 2. First, the United States seeks to introduce evidence of Ivers's statements, made in 2016 and 2017, that he "was becoming 'a very dangerous person,' was a 'walking bomb' or 'ticking time bomb,' and was 'out of [his] mind crazy' and angry at a federal judge." *Id.* Second, the United States seeks to introduce statements Ivers made to Deputy United States Marshals in March 2018 to indicate "his expressed indifference to the fear his statements caused[.]" *Id.* Third, the United States seeks to admit the "bare fact" of Ivers's 2018 threat conviction. *Id.* at 17-18. And fourth, the United States seeks to introduce "a sanitized

account of [Ivers's] 2022 threat to have another person kill his supervising United States Probation Officer." *Id.* at 19-20. The United States argues that the three categories of evidence are "offered to prove motive, retaliatory intent, knowledge, subjective awareness, conscious disregard of the risk that his communication would be perceived as threats, and absence of mistake or innocent misunderstanding." *Id.* at 2. Ivers objects to the introduction of all three categories of prior statements but does not raise an objection to admission of Ivers's 2018 threat conviction. *See* Docket 109 at 2.

### A. Ivers's 2016 and 2017 Statements and March 2018 Statements to the United States Marshals

The United States argues that Ivers's statements, made in 2016 and 2017, are admissible under Rule 404(b) because they are prior statements "relevant to motive, knowledge, subjective awareness, conscious disregard of risk, and absence of mistake or innocent misunderstanding." Docket 106 at 13. Similarly, the United States argues that Ivers's statements, made in March of 2018, to the Deputy United States Marshals are admissible under Rule 404(b) because it shows Ivers's "continuing motive, his refusal to disavow the threat, and his subjective awareness of the fear caused by his conduct." *Id.* at 16. Ivers argues that the 2016-2017 statements are not admissible under Rule 404(b) because they were made prior to Ivers's criminal prosecution and did not result in criminal charges against him. Docket 109 at 2. Ivers also argues that Ivers's March 2018 statements are inadmissible because they were made more than eight years ago and could be used to confuse or mislead the jury. *Id.*

4

Here, the court agrees with the United States that Ivers's statements, made in 2016-2017 and in March of 2018 are admissible under Rule 404(b). Regarding the two counts of mailing a threat to injure the person of another, Ivers's state of mind—that is, whether he had a subjective understanding of the threatening nature of his communication—is directly at issue. *See Counterman v. Colorado*, 600 U.S. 66, 69, 73-74 (2023). The Eighth Circuit has upheld the admission of earlier threatening conduct because it "provided some context for the indicted conduct" and was relevant to the defendant's intent and the seriousness of the defendant's threats. *United States v. Cvijanovich*, 556 F.3d 857, 864 (8th Cir. 2009). And just as in *Cvijanovich*, the court finds that Ivers's statements, including his acknowledgment that his communications had been taken seriously, all tend to indicate Ivers's intent and subjective understanding of the threatening nature of his book entitled, "How to Kill a Federal Judge." Thus, Ivers's statements are relevant to his motive, knowledge, subjective awareness, absence of mistake, and lack of accident. *See* Fed. R. Evid. 404(b)(2).

The time interval between these statements and the current charged offense is also not overly remote in time. *Croghan*, 973 F.3d at 820. "[T]here is no fixed period within which the prior acts must have occurred." *United States v. Baker*, 82 F.3d 273, 276 (8th Cir. 1996). In fact, the Eighth Circuit has permitted the admission of 404(b) evidence of facts committed roughly 13 years before the charged crime. *See United States v. Engleman*, 648 F.2d 473, 479 (8th Cir. 1981); *see also United States v. Johnson*, 860 F.3d 1133, 1142 (8th

5

Cir. 2017) (holding a ten-year-old bad act was sufficiently close in time); *United States v. Koski*, 424 F.3d 812, 818 (8th Cir. 2005) (finding that seven year gap between "prior [threat] conviction and the charged crimes . . . [was] not an unreasonable length of time"). While the earliest mailing charge here occurred approximately eight years after Ivers's 2017 statements, *see* Docket 75 at 2, Ivers's previous statements, which also include threatening statements against federal judges, indicate his long-standing hostility toward the same individuals involved in his earlier 2018 prosecution. *United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) ("[T]he relative probative value of prior crime evidence is 'increased by the fact that both offenses were associated with the same victim.'" (quoting *United States v. Walker,* 428 F.3d 1165, 1170 (8th Cir. 2005)). Thus, the court finds that the prior statements noticed by the government are sufficiently similar in kind and close in time. *See Koski*, 424 F.3d at 818.

The prior statements are also supported by sufficient evidence. *See Croghan*, 973 F.3d at 820. As the United States notes, the 2016 statements appear in Ivers's written communications. Docket 106 at 15. Additionally, court personnel and the Deputy United States Marshals, who personally heard Ivers's statement, can testify to these statements. *Id.* Thus, because the prior statements are supported through Ivers's own writings and firsthand witnesses, there is sufficient evidence supporting the prior statements.

Finally, court finds that the "potential prejudice" of introducing the 404(b) evidence is not "substantially outweigh[ed] its probative value." *Croghan*,

6

973 F.3d at 820. Ivers's statements are highly probative of his subjective understanding of the threatening nature of his communication, which is directly at issue in this case. *See Counterman v. Colorado*, 600 U.S. at 73. Additionally, Ivers has proposed, and the court will read, a limiting instruction to the jury to diminish the danger of any unfair prejudice. *See* Docket 114 at 24; *see also United States v. Lucas*, 521 F.3d 861, 866 (8th Cir. 2008) ("A limiting instruction diminishes the danger of unfair prejudice.").

Based on the foregoing, the court finds that Ivers's statements made in 2016-2017 and in March of 2018 are admissible under Rule 404(b).

### B.    Ivers's 2018 Threat Conviction

The United States also seeks to admit the "bare fact" of Ivers's 2018 threat conviction under Rule 404(b). Docket 106 at 17. The United States argues that the prior threat and conviction from 2018 demonstrate Ivers's "motive, the origin of his grievance against A.T., the similarly of his communications, and his state of mind when discussing the killing of a judge." *Id.* at 17-18. Ivers does not directly address this in his opposition brief, *see generally* Docket 109, but for similar reasons as in the Eighth Circuit's decision in *Koski*, the court finds that Ivers's 2018 threat conviction is admissible under Rule 404(b).

In *Koski*, the Eighth Circuit held that a defendant's conviction from seven years earlier for mailing threatening communications was admissible under Rule 404(b). *Id.* at 817-18. The Eighth Circuit reasoned the conviction was relevant and sufficiently close in time because it demonstrated the defendant's

earlier awareness that his correspondence had been found threatening. *Id.* at 817-18. The Eighth Circuit also reasoned that alongside a limiting instruction, the presentation of "the bare bones manner in which the evidence was presented to the jury—the prosecution elicited only the actual fact of conviction and not the facts of the incident—acted as a safeguard against unfair prejudice[.]" *Id.* at 818 (internal quotation marks omitted).

Likewise, Ivers's prior threat conviction demonstrates that he knew similar communications concerning the killing of a federal judge had previously been found threatening. The evidence of his prior conviction is also relevant because it goes to whether Ivers was subjectively aware or consciously disregarded the risk that his book, "How to Kill a Federal Judge," would be viewed or understood as containing a true threat. *See Counterman,* 600 U.S. at 69, 73-74. Moreover, Ivers's 2018 conviction is just as close in time as the defendant's conviction in *Koski,* 424 F.3d at 818. Additionally, the United States's proposed way to introduce Ivers's 2018 conviction conforms with the manner upheld in *Koski. Id.* As such, the court finds that Ivers's 2018 threat conviction is admissible under Rule 404(b) to demonstrate Ivers's knowledge, absence of mistake, and lack of accident.

### C.   Ivers's 2022 Threat to His Supervising Probation Officer

The United States seeks to admit a "sanitized" account of Ivers's purported threat "to have other persons kill his supervising United States Probation Officer [(USPO)] in November 2022 . . . under Rule 404(b)." Docket 106 at 19. The United States argues that Ivers's threat is admissible because

"[t]he threat is relevant to [Ivers's] knowledge, subjective awareness, state of mind, and absence of mistake." *Id.* Ivers argues that this evidence is inadmissible under Rule 404(b) because Ivers's "conduct never resulted in an independent criminal conviction and [Ivers's] performance on [supervised release] should not be used to imply guilt in this case." Docket 109 at 2. But Ivers indicates that because he intends to call two U.S. Marshals who have knowledge of the 2022 threat, the evidence may become relevant by the scope of the defense's questioning, and the United States may move at a later time during trial to introduce this evidence. *Id.* at 3.

At this stage, the court finds that the 2022 threat is not admissible under Rule 404(b). This evidence is less probative than Ivers's 2016-2017 and March 2018 statements because the statements were not related directly to Judge WMW, A.T., or Judge A. *See* Docket 106 at 19. Further, the court agrees with Ivers that "[i]ntroduction of this evidence creates the very real possibility that a jury might be tempted to punish [Ivers] for a perceived lack of commitment to [supervised release] or unwillingness to accept responsibility for his prior conviction." Docket 109 at 2. Thus, because the unfair prejudice of this evidence substantially outweighs its probative value, *see Croghan*, 973 F.3d at 820, the court denies the United States's motion in limine to admit this evidence under Rule 404(b). But if the evidence becomes relevant based upon the defense's questioning of its witnesses, the United States may later move to admit this evidence during trial. The United States must request a hearing

outside the presence of the jury if it wishes to admit this evidence at trial. The court would reconsider the request at that time.

## CONCLUSION

Based on the foregoing, the court finds that evidence regarding the roles of A.T. and Judge A in Ivers's prior federal prosecution for threatening Judge WMW is admissible as intrinsic evidence and evidence of the bare fact of Ivers's 2018 conviction is admissible under Rule 404(b). Additionally, the court finds that the threatening statements made to Judge MWM in 2016 and 2017 prior to Ivers's indictment and Ivers's March 2018 statements to the Deputy United States Marshals regarding his expressed indifference to the fear his statements caused Judge WMW, and others are admissible under Rule 404(b). But, at this stage, the "sanitized" threat from 2022 is not admissible under Rule 404(b). Thus, it is

ORDERED that the United States's motion in limine (Docket 106) is granted in part and denied in part.

Dated July 31, 2026.

BY THE COURT:

/s/ Karen E. Schreier

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

10