UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-cr-347 (KES/VLD)

United States of America,

Plaintiff,

v.

Robert Phillip Ivers,

Defendant.

**MOTION FOR A RULING ON DEFENDANT'S PRO-SE "MOTION TO VACATE" (ECF 152)**

Defendant, Robert Phillip Ivers ("Defendant" or "Ivers"), by and through his attorney, Glenn P. Bruder, Glenn P. Bruder, P.A., respectfully requests the Court issue a ruling on Defendant's pro-se "Motion to Vacate" filed on September 11, 2026 (ECF 152). The grounds for this motion are as follows:

1. During the course of Defendant's trial, his counsel twice moved for a judgment of acquittal in accordance with Fed. R. Crim. P. 29(a). These motions were made at the conclusion of the government's case in chief and following the conclusion of all testimony submitted to the jury. In each instance, the Defendant's motions were denied.

2. Following the conclusion of Defendant's trial, Defendant's attorney has described the sentencing process to Defendant. Ivers has repeatedly encouraged his attorney to find a way to speed this process as the Defendant believes he was wrongfully convicted, in fragile health, and is anxious to speed resolution of his case.

3. On September 7, 2026, the Defendant left a voicemail message stating he wanted his counsel to file a "motion to vacate" Defendant's conviction. Presumably, the Defendant meant either a post-trial motion for a judgment of acquittal as permitted under Fed. R. Crim. P.

29(c) or a motion for a new trial under Fed. R. Crim. P. 33. Defendant's attorney has communicated to Ivers his reasoning for not filing either motion following completion of Defendant's trial.

4. Defendant filed a document entitled "Motion to Vacate" on September 11, 2026 (ECF 152). This continued Defendant's practice, during the course of this proceeding, of filing pro-se submissions asking the Court to address various issues or grant relief not otherwise requested by his counsel.

5. The Court has previously advised Defendant that it is not appropriate for him to file pro-se motions and that only motions filed by his attorney will be considered. In relation to Defendant's pro-se "motion to vacate," Defendant has informed his attorney:

a. To contact the Court and inform the Court that Ivers has ordered his attorney to file a motion to vacate or "to remove himself from the case."

b. Stating that concerns regarding the timeliness of filing such motions at this time are either without merit or that "extenuating circumstances" warrant granting Defendant the relief requested in his pro-se motion.

c. That Defendant has sent correspondence to the trial Judge or plans to communicate with Judge Schreier reporting his attorney's flagrant disregard of the Defendant's instructions and further asserting that Defendant's attorney has acted negligently in failing to safeguard Ivers' legal rights to pursue a "motion to vacate."

6. This situation places Defendant's counsel in an untenable position. His options are:

a. Disregard the Defendant's instructions and potentially irretrievably damage his relationship with Ivers and imperil the Defendant's ability to raise motions of significant concern to him.

b. Alternatively, if Defendant's attorney were to file the motion requested by Ivers, defense counsel would be filing a motion, on its face, that was untimely if categorized as a motion for a judgment of acquittal or a new trial. Moreover, Defendant's attorney would have no new evidence or information to present to the

Court which had not been considered at the time the Court denied Defendant's two prior motions for a judgment of acquittal.

c. Defendant's attorney could potentially move to withdraw as Ivers' counsel. However, Ivers has not unambiguously instructed his attorney to do so and filing such a motion would, in all likelihood, delay the Defendant's sentencing which is precisely the opposite outcome Ivers has consistently stated is his objective in this matter.

7. Each of these outcomes can be avoided if the Court, in this instance, grants this motion and agrees to issue a ruling on the pro-se motion filed by Ivers.

WHEREFORE, Defendant, by and through counsel, requests the Court issue a ruling on the pro-se motion filed by Defendant on September 11, 2026 (ECF 152).

Dated: September 17, 2026

Respectfully submitted,

GLENN P. BRUDER, P.A.
*/s/ Glenn P. Bruder*
Attorney for Defendant
9531 West 78th Street, Ste. 210
Eden Prairie, MN 55344
(952) 831-3174